# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EMORY YOUNG, )<br>)<br>Movant, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA. ) | No. 1:11-cv-0544-SEB-DKL |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Emory Young ("Young") for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The ' 2255 Motion

*Background*

On January 19, 2007, Young was charged in eight counts of a 12-count Indictment alleging various drug offenses in No. 1:07-cr-065-SEB-KPF-1. On January 8, 2008, the United States filed a 21 U.S.C. ' 851 *Information*, alleging that Young had been previously convicted of a felony drug offense. On January 16, 2008, a Superseding Indictment was returned. Count 1 of the Superseding Indictment charged Young with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts 2 through 8 charged Young with possession and distribution of cocaine on various specified occasions, in violation of 21 U.S.C. § 841(a)(1). Young was also charged in count 12 of the Superseding Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On April 16, 2008, Young filed a petition to enter a plea of guilty in No. 1:07-cr-065-SEB-KPF-1. That same day, the parties submitted a written plea agreement. The plea agreement provided that Young would plead guilty to count 1 of the Superseding Indictment and that at sentencing the United States would dismiss counts 2, 3, 4, 5, 6, 7, 8, and 12. The plea agreement also set forth various stipulations regarding the application of the Sentencing Guidelines and that, if the court accepted the plea agreement, Young would be sentenced to a term of imprisonment of 262 months.

Paragraph 7 of the plea agreement states that Young "expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18 U.S.C. § 3742." It further states that Young "expressly agrees not to contest, or seek to modify, his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under Title 28, United States Code, Section 2255."

On June 25, 2008, the court conducted a hearing on Young's petition to enter a plea of guilty. At the hearing, the court determined that Young's plea of guilty was knowingly and voluntarily entered and that a factual basis for the plea existed. The court accepted Young's plea of guilty to count 1 of the Superseding Indictment. The court then sentenced Young to a term of imprisonment of 262 months, to be followed by ten years of supervised released. Judgment of conviction was entered on the docket on July 15, 2008.

Young did not appeal his conviction or sentence. His § 2255 motion was signed on April 18, 2011, and was filed by the clerk on April 22, 2011. He does not seek to revoke his guilty plea, but asks that he be permitted an opportunity to work something out with the prosecution to modify the terms of the plea agreement.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Young asserts that he was denied effective assistance of counsel when counsel stipulated to various facts set forth in the plea agreement and failed to make any objections to the presentence investigation report. The United States argues that Young's ' 2255 motion is time-barred and also barred by the waiver of post-conviction relief rights found in the written plea agreement.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f) (Supp. 2011). That period generally runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). The alternate start dates are not applicable here. *See* 28 U.S.C. § 2255(f)(2)-(4).

A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). The written Judgment of conviction was entered on the clerk's docket on July 15, 2008, so Young would have had ten (10) days, through July 25, 2008, in which to file a notice of appeal if he had not waived his appeal rights. July 25, 2008, is the date his conviction became final for purposes of the statute of limitations.

Using the 1-year period from the date on which the judgment of conviction became final, Young's present motion would have to have been filed by Monday, July 27, 2009. It was not filed by that date. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Young's § 2255 motion can be considered to have been filed on the date he signed the motion, April 18, 2011. That date, however, was almost two years after the ' 2255(f)(1) statute of limitations expired.

Young acknowledges that his ' 2255 motion was not timely filed. He asks the court to apply the doctrine of equitable estoppel to avoid the statute of limitations defense. Equitable tolling is proper only when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010)(internal quotation marks removed).

Young argues that he believed that his case was on direct appeal until his attorney responded to his series of letters on December 16, 2010, informing him that no appeal had ever been filed. He contends that although he sent letters to his attorney beginning in October 2008 (3 letters in 2008 and 2 in 2009), asking about his appeal, he did not know that his case was not on appeal until he received the December 2010 response.

Young's attempt to show his diligence in pursuing his rights misses the mark. Young waived his right to appeal. The court determined that Young's guilty plea was entered freely, knowingly, and voluntarily. Young signed the plea agreement on April 15, 2008. In addition to the testimony taken during the change of plea hearing on June 25, 2008, the record shows that Young's attorney sent him a copy of the plea agreement on September 28, 2008. As noted above, paragraph 7 of that agreement states that Young expressly waived his right to appeal the conviction and sentence case on any ground and he also agreed not to contest his sentence or the manner in which it was determined in a section 2255 action. Young has not at any time during these proceedings indicated that he was not able to read or comprehend any documents he signed. He reached the eleventh grade in high school. There is no reasonable support for Young's contention that he did not realize that he gave up his rights to appeal as part of his plea agreement. Moreover, Young waived his right to file a § 2255 motion. Now he has done precisely that, almost two years beyond the statute of limitations. These circumstances do not rise to the level of "extraordinary" and thus, do not warrant equitable tolling.

AThe law is full of deadlines, and delay can lead to forfeiture.@ *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. ' 2255 passed without such a motion having been filed. Having found that Young's § 2255 motion is time-barred, the court need not discuss at further length the government's defense that Young's plea waiver also bars his claim.

*Conclusion*

The foregoing circumstances show that Young is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore denied. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:07-cr-65-SEB-KPF-1.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Young has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/29/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana